IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOHN ASHLEY SNYDER,**

      **Plaintiff,**

v.                                                               Case No. 3:15-cv-02269

**F. LEE BENFORD,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *pro se* complaint seeking money damages from Defendant for alleged embezzlement and due process violations, and seeking dismissal of criminal charges. The undersigned notes that Plaintiff has not paid the $400 filing fee, nor has he filed an Application to Proceed Without Prepayment of Fees and Costs. Therefore, Plaintiff is hereby **ORDERED**, within **forty-five (45) days** of the date of this Order, to pay the filing fee or submit to the Court an Application to Proceed Without Prepayment of Fees and Costs. **Plaintiff is notified** that no action will be taken on his complaint until the fee is paid or the application is filed, and a failure to pay the fee or submit the application shall result in a recommendation that the complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. That Plaintiff hired Defendant, an attorney, to represent Plaintiff in a criminal matter;

2. That Defendant embezzled $85,000 from Plaintiff and also violated Plaintiff's due process rights; and

3. That Defendant admitted his wrongdoing and apologized for it.

Plaintiff seeks compensatory damages in the amount of $15,000,000 and "dismissal of criminal offenses from the above defendant mentioned." Clearly, these allegations do not state a valid cause of action or establish jurisdiction in the United States District Court.

Accordingly, along with paying the filing fee or submitting an Application to Proceed Without Prepayment of Fees and Costs, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various

deficiencies in pleading as indicated below:

1. Plaintiff shall state in the complaint his full name and address, and the full name and address of the Defendant (including office and residence address), so that the Court can determine whether there is diversity of citizenship, if that becomes important to the issue of jurisdiction. If Plaintiff entered into a written representation agreement with Defendant, Plaintiff shall state so in his complaint. In addition, Plaintiff shall provide additional factual allegations regarding the alleged embezzlement in order for the Court to understand Plaintiff's cause of action.

2. Plaintiff shall elaborate on how Defendant allegedly violated Plaintiff's due process rights. Plaintiff must bear in mind that in order to state a cause of action for a constitutional violation under 42 U.S.C. § 1983 (or the *Bivens* Doctrine), he must show that Defendant was acting under color of state law (or was a federal official) when he allegedly deprived Plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). It is a matter of well-settled law that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law (or is not a federal actor) when performing the traditional functions of a lawyer and, therefore, is not amenable to suit under § 1983 or *Bivens*. *Deas v. Potts,* 547 F.2d 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154, 1155-56, n. 2-3 (4th Cir. 1980) (stating that court-appointed counsel does not act under color of state law for § 1983 purposes); *Polk County v. Dodson*, 454 U.S. 312, 317-24, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (stating that public defenders representing defendants in criminal proceedings do not act under color of state law for § 1983 purposes); *Story v.*

*Kopko*, C.A. No. 3:09-2893-PMD, 2010 WL 430831, *3 (D.S.C. Feb. 5, 2010) (Federal criminal defense attorney is not a federal actor and thus not subject to suit under *Bivens.*). Consequently, if Plaintiff's claims against Defendant arise from his legal representation, then it is unlikely that Plaintiff can state a valid constitutional claim in this Court.

3. Plaintiff asks the Court to dismiss "criminal offenses" against him. The undersigned is unable to tell (a) whether there is a pending criminal action against Plaintiff; or (b) whether Plaintiff has already been convicted of a criminal charge and is seeking to have his conviction or sentence set aside. Plaintiff shall clarify this issue. Plaintiff is advised that if he is seeking to set aside a state court conviction or sentence, he is required to file a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 and must exhaust his state remedies prior to seeking federal review.

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim compensable at law.**

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** March 11, 2015

Cheryl A. Eifert
United States Magistrate Judge